that the latter has reversed the former. This practice, which has grown altogether too common, cannot be too strongly condemned. The question is not new, and there is no reason why the practice should not be understood. "The practice of moving before one judge at Special Term to declare void the order or judgment of another judge at Special Term is not sanctioned by any provision of the Code that I am aware of, or by any controlling authority. It virtually amounts to an appeal from one Special Term to another Special Term for a review of the first order." Platt v. N. Y. & Sea Beach Ry. Co., 170 N. Y. 451, 458, 63 N. E. 532, 534. If a review of the first order had been desired, it should have been had by an appeal to this court, instead of to a co-ordinate Special Term.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(125 App. Div. 641.)

PEOPLE ex rel. VILLAGE OF NORTH PELHAM v. NEW YORK, N. H. & H. R. CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1908.)

RAILROADS—STATIONS—NAME—"IN."
  Where a railroad station is not wholly "in" a village, but is half in it and half in another village, the railroad cannot be compelled by Railroad Law, Laws 1892, p. 1392, c. 676, § 34, requiring a railroad station in a village to have the same name as the village, to change the name of the station to that of the village.
  [Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3461, 3465; vol. 8, p. 7683.]

Appeal from Special Term, Westchester County.

Application by the people, on the relation of the village of North Pelham, to compel the New York, New Haven & Hartford Railroad Company to change the name of its station of Pelham to North Pelham. From an order denying the application, the village appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

George P. Breckenridge, for appellant.
William Greenough, for respondent.

GAYNOR, J. The stopping-place of the railroad is between the incorporated villages of Pelham and North Pelham, i. e., the former borders on the center line of its track to the south and the latter on the said line to the north. There is only one stopping-place there. Railroad Law, Laws 1892, p. 1392, c. 676, § 34, calls a regular railroad stopping-place a station. It requires that "any such station in an incorporated village shall have the same name as the village." The name given to this stopping-place by the railroad company is Pelham. It was given for the town of Pelham, within which both villages lie, and before they existed. There being only one stopping-place it cannot be given two names, and as it is not wholly "in" either village,

but half in each, the petitioner cannot compel the railroad company to change from the old name to the petitioner's name. The statute has not provided for such a case.

The order should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.