ALBERT CANNADY, PROSECUTOR, v. TOWN OF MONT-CLAIR, RESPONDENT.

Submitted May term, 1929—Decided November 14, 1929.

Before Justices TRENCHARD, LLOYD and CASE.

For the prosecutor, *Thomas B. Kaveny* and *Thomas Brunetto.*

For the respondent, *George S. Harris.*

PER CURIAM.

This is on writ of *certiorari* to review a judgment of the recorder's court of the town of Montclair. The complaint, dated December 8th, 1928, charged the defendant below—the prosecutor herein—with violating the Montclair zoning ordinance "on September 26th, 1928, and every day thereafter," in that he conducted a car washing and garage business in a building located within a prohibitive area.

Nine points are presented in prosecutor's brief, but we shall advert to only one, the sixth, for the reason that that is dispositive. The point turns on the refusal of the trial court to admit competent evidence. The prosecutor endeavored to introduce evidence showing a continuous application of the premises to the disputed use from May, 1921, until the time of the alleged offense. The court ruled that such proof must be confined to a period prior to May, 1921, the date of the adoption of the zoning ordinance, and refused to permit proof of a later continuance. That ruling was erroneous. The prohibited use was not within the lawful purview of a zoning ordinance until April 3d, 1928, the date of the passage of the enabling statute (*Pamph. L.* 1928, *ch.* 274) and a use that had been theretofore actually and lawfully instituted, and that had been until then actively and constantly maintained, was a non-conforming use entitled, under the statute, to be continued. *Frank J. Durkin Lumber Co.* v. *Belleville* (decided by *Court of Errors and Appeals, October,* 1929). Proof of the use at and preceding the passage of the statute was relevant and therefore competent.

The judgment below is reversed.