WILLIAM J. WEISMAN, PROSECUTOR, v. EDWARD J. SPO-
ERER, SUPERINTENDENT OF BUILDINGS OF THE
CITY OF JERSEY CITY ET AL., DEFENDANTS.

Submitted May 12, 1933—Decided August 29, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Perkins, Drewen & Nugent.*

For the defendants, *James A. Hamill.*

PER CURIAM.

Prosecutor purchased, a number of years ago, property on West Side avenue and Montgomery street in Jersey City. The premises were leased at the time to tenants who used them in the automobile business. For the five years previous to May 31st, 1932, there had been on the premises six five hundred and fifty-gallon gasoline tanks and six gasoline pumps, a greasing rack and a greasing lift. Four of the tanks and pumps were on the Montgomery street side and two of the tanks and pumps were on the West Side avenue side. Prosecutor purchased the premises as a site to conduct his automobile business. Shortly before the expiration of the lease, the tenants caused the tanks and pumps to be removed. Prosecutor applied to the superintendent of buildings of Jersey City for a permit to restore the premises to the condition existing before the adoption of the zoning ordinance and was refused. On appeal to the board of adjustment, it approved the action of the superintendent of buildings.

According to the Jersey City zoning map, the part of the premises fronting on Montgomery street is in a district designated "Second Residential" and the West Side avenue portion in a district designated "Business District."

The pertinent provisions of the zoning ordinance are as follows: "Par. 1. In a second residential zone or district as designated on the 'Use District Map' no lot of land shall hereafter be used and no building or structure shall hereafter be erected, altered or used for * * * business of any kind. * * * Section IV, Par. 1. In a business zone or district, as designated on the 'Use District Map,' no premises, building or structure shall hereafter be erected, altered or used for * * * A public garage or gasoline filling station. * * *"

The parties stipulated: "That immediately adjoining the lands and premises in question on the Montgomery street side is a large 'Buick' garage for the storage and service of automobiles. On the opposite side of the street from the said lands and premises is a stoneyard. Adjoining the said lands and premises on West Side avenue is also a stoneyard. That there has been no change in the character of the neighborhood and vicinity of the said lands and premises for at least five years last past. That the granting of the permit for which application was made by said William G. Weisman to the superintendent of buildings of Jersey City would permit said Weisman to do no more than restore the property to the said condition in which it was at the time said Weisman took title thereto, and in which condition it had been continuously used throughout the period of occupation by the tenants beginning June 1st, 1927, and ending May 31st, 1932."

"The 1928 Zoning law (*Pamph. L., p.* 696) preserves the right to continue, as against subsequent zoning interference, a non-conforming use that was lawful when instituted and that has been actively and constantly maintained." *Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 184; 47 *Atl. Rep.* 555.

Had the tanks, pumps and apparatus been removed by the landowner, we could better understand the refusal of

the permit and the action of the board of adjustment. The removal of the tanks, pumps and apparatus was in spite of anything the landowner could do, although as soon as he learned of the action to be taken he sought an injunction. The question for us to settle is whether section 11 of the Zoning law (*Pamph. L.* 1928, *p.* 703) preserves to the prosecutor any rights. The statute is as follows: "Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied, and any such structure may be restored or repaired in the event of partial destruction thereof."

The record does not disclose any abandonment of the nonconforming use which was lawful when the zoning ordinance of Jersey City was legally adopted. The right to make restoration or repair of the tanks, pumps and apparatus was vested in the landowner by act of the legislature. Had they been destroyed by fire or wind they could have been replaced. The act of a stranger could not deprive prosecutor of his vested rights in the maintenance of his property. Inasmuch as the action of the board of adjustment contravenes a valid legislative enactment the same should be set aside.

The action of the board of adjustment will be reversed.