CLAUDE T. WALTON, CARMEN SCARDO AND ISABELLA SCARDO, PROSECUTORS, v. GEORGE R. STEPHENS, RECORDER OF THE RECORDER'S COURT OF THE BOROUGH OF OAKLAND, NEW JERSEY, AND THE MAYOR AND COUNCIL OF THE BOROUGH OF OAKLAND, NEW JERSEY, RESPONDENTS.

Submitted January 16, 1940—Decided February 29, 1940.

Before Justices TRENCHARD, CASE and HEHER.

For the prosecutors, *Slingland, Houman & Bernstein* (*Maurice Bernstein*).

For the respondents, *James M. Muth* and *Walter W. Weber*.

The opinion of the court was delivered by

CASE, J. The writ was issued on the application of Claude T. Walton, lessee of certain real estate located on what is known as Page's hill in the borough of Oakland. The Scardos, husband and wife, owners, were permitted, by rule, to intervene upon conditions. Walton was convicted by the borough recorder on a charge of conducting the business of operating a riding academy and maintaining a stable for horses not accessory to or incidental to his own residence and not as a private stable for his own use, contrary to the

terms of the borough zoning ordinance passed January 13th, 1931. The writ brings up the judgment of conviction with pertinent records.

Prosecutor admits that his use of the premises was contrary to the prohibitory provisions of the ordinance and seeks to justify the use as non-conforming within the meaning of *R. S.* 40:55-48 and also within the purview of paragraphs 5 and 6 of section one of the ordinance which provide as follows: "5. Such non-conforming building or structures as now exist and the uses of the same as now in force shall not be restricted by the terms of this ordinance. * * * 6. No non-conforming use, if once changed to a use permitted in the district, in which it is located, shall ever be changed back to a non-conforming use." Prosecutor further contends that the section of the ordinance which prohibits such use is arbitrary and unreasonable and without substantial relation to the public health, safety, morals or general welfare of the community.

The entire Scardo property, a part of which is devoted to the disputed uses, consists of four acres of land upon which are the Scardo residence, facing on the road, and toward the rear two barns, adapted to the stabling of horses, and the corrals. Prosecutor's lease is of the barns and the corrals, and it is there that the disputed use is maintained. The main barn has twelve stalls for horses and is distant 172 feet from the center of the road. The smaller barn has four stalls. Throughout the entire period of the Scardo ownership—nineteen years—the barns have been used for the stabling of horses in ways that are contrary to the prohibition of the ordinance and that include the boarding of horses, the buying and selling of horses, the maintenance of a livery for riding horses and the operation of a so-called rodeo.

We do not perceive that the use to which the property is put by prosecutor is substantially different from the uses which have maintained through many years, both preceding and since the passage of the ordinance. The periods of interruption have been due to lack of demand and not to an abandonment of that character of use. In our opinion the use for which prosecutor stands convicted was a non-con-

forming use in existence when the ordinance was passed and therefore beyond the reach of zoning restrictions. It is proper for a party charged with violation of a municipal ordinance to object, in a penal action thereon, to the validity of the ordinance and in that mode place before the court the limited question whether the ordinance is not a nullity in that particular instance. *Frank J. Durkin Lumber Co.* v. *Fitzsimmons,* 106 *N. J. L.* 183, 188. But it is unnecessary to attribute invalidity to any part of the instant ordinance because the ordinance by its terms, *supra,* excludes application to a non-conforming use in existence at the passage of the ordinance.

We add that it is difficult to conceive of an efficient use of the commodious stables that would be accessory to or incidental to the residence or that would come within the definition of a private stable for the owners' use. The strict application of the ordinance restriction would, it seems, result in a considerable hardship. Further, the neighborhood is sparsely built. Within a distance of about a half mile there are six or seven houses on one side of the road and three on the other. Adjoining the Scardo property are a commercial nursery and a small ice business. Six hundred feet distant is a small factory. At twice the last mentioned distance is a store. The nearest church is a mile away; the nearest school still more distant. From the photographs admitted in evidence we gather that the general character of the neighborhood is rural rather than urban and quite rambling in its development—houses, fields, the road frequently uncurbed and without sidewalks, &c. Upon the case presented we fail to see how the operation of a riding academy is brought within the purview of *R. S.* 40:55-32.

We reach our conclusion upon the ground first given. The use is non-conforming and existed as such at the time of the passing of the ordinance. The judgment below will be reversed, with costs in favor of prosecutor Claude T. Walton against the borough of Oakland.