No. 15,611.

BESZEDES ET AL. *v.* BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE.
(178 P. [2d] 950)

Decided March 24, 1947.

Mr. Donald M. Shere, Mr. W. E. Spangler, for plaintiffs in error.

Mr. C. L. Harrison, Mr. Richard H. Simon, Mr. Robert B. Lee, for defendant in error.

*En Banc.*

Mr. Justice Hays delivered the opinion of the court.

Pursuant to the provisions of chapter 92, Session Laws 1939, the board of county commissioners of Arapahoe county, hereinafter designated as the board, on October 20, 1941, adopted a comprehensive zoning resolution which divided certain unincorporated territory in said county into eleven districts, one of which was designated "R1 Residence District." In June, 1942, the defendants, plaintiffs in error here, purchased tract 12, Garfield Heights, New Filing, in said district and began to use the same in a manner prohibited and forbidden by said resolution and district regulations.

Thereupon the board brought suit against the defendants to enjoin them from using the premises in violation of said resolution and regulations. The case was tried upon a stipulation of facts, as follows:

"It is stipulated and agreed by and between the parties that the plaintiff, by resolution duly passed and

adopted at a regular meeting held on October 20th, 1941, zoned the unincorporated portion of Arapahoe County, Colorado lying between Sheridan Boulevard on the west and Quebec Street on the east as a part of a comprehensive zoning plan for Arapahoe County, Colorado; And by said resolution the plaintiff did zone and restrict the use of real property within the boundaries of the above-described property, pursuant to and for the purposes authorized in Chapter 92, Session Laws of 1939.

"Second, that the defendants are the owners of certain real estate situated and lying and being within that zoned portion of Arapahoe County, Colorado, legally described as Tract 12 Garfield Heights, otherwise known as 1291 South Federal Boulevard, Arapahoe County, Colorado, and that the said real estate is located and lies within the zone classified as R-1 residential district by said zoning resolution described in paragraph 1 thereof.

"Third, that the defendants now and for several months last past have been maintaining upon the premises described above: 1 cow, 15 ducks, 23 geese, 57 laying hens, 45 broilers, 30 baby chicks, 1 pair Belgian hares, 6 baby rabbits.

"Fourth: It is stipulated that heretofore the defendants have been keeping on said premises certain hogs, and a manure pile, which has been cleaned up and removed.

"Fifth: It is further stipulated that the defendants purchased the property in June, 1942, from Mr. and Mrs. Holt, of 4128 South Grant Street, Englewood, Colorado.

"Sixth: It is further stipulated and agreed that one year prior to the purchase of the property by the defendants from the Holts, that although Mr. and Mr. [Mrs.] Holt lived upon the premises in the dwelling, that there was no use made of the various sheds and houses on and about the premises for the maintenance of any stock or poultry for one year prior to the pur-

chase of the property in occupancy by the defendants; but that no structural repairs or alterations were made by the defendants and they are only using the structures as they existed at the time of the adoption of the zoning law.

"Seventh: It is further stipulated and agreed, based upon these facts stipulated herein, that the Court may render a decision and issue any order based on the facts and the laws applicable thereto.

"It is further stipulated and urgently requested by counsel for both plaintiff and defendants that the Court visit the premises and the general neighborhood, and in determining the questions of fact, be guided by his personal observations, the evidence that could be introduced in the matter was set for public hearing.

The court found and adjudged as follows:

"The Court having heard the arguments of counsel and having examined the exhibits and viewed the premises and considered the matter herein doth find, determine and order:

"That the defendants are the owners of certain real estate described in the complaint and that said real estate is located within a zone classified as R-1 resident district by the zoning resolution adopted by the County Commissioners of the County of Arapahoe on October 20th, 1941, pursuant to Chapter 92, Session Laws of 1939.

"That the defendants are now and have for several months last past been keeping and maintaining upon the said premises: 1 cow, 15 ducks, 23 geese, 57 laying hens, 45 broilers, 30 baby chicks, 1 pair Belgian hares, 6 baby rabbits.

"That said zoning resolution does not permit the keeping of said animals and poultry upon said premises.

"That the former owners of said premises did not keep and maintain livestock and poultry upon said premises for more than one year prior to the purchase and use of said property by the defendants, and the property

must therefore revert to a use conforming with the provisions of the zoning resolution.

"It is therefore ordered that the non-conforming use of the premises described in the complaint, to wit, tract 12, Garfield Heights, new filing, otherwise known as 1291 South Federal Boulevard, Arapahoe County, Colorado, be and the same is hereby ordered, abated and removed; that the defendants and each of them, their agents and servants, are permanently enjoined from using said premises in violation of the Arapahoe County zoning resolution, adopted October 20, 1941."

It is contended by plaintiffs in error that even though they were using the property contrary to the terms of the district regulations, yet, because of the fact that it had been used for such purposes prior to the passage of the zoning resolution, they had a right to continue such use as a non-conforming use under section 9 of the resolution, which provides:

"Non-conforming Uses.

"The lawful use of land or buildings existing at the time of the passage of this resolution, although such use does not conform to the provisions hereof, may be continued, *but if such non-conforming use is discontinued for a period of one year subject to the provisions hereinafter contained, and further use of said premises shall be in conformity with the provisions of this resolution.*

"Such use may be extended throughout the building, provided no structural alterations except those required by law or resolution or as provided for herein, are made thereto. Any such building or structure may be repaired whenever such repairs shall be necessary or convenient to the use of such building, but if a building housing a non-conforming use is destroyed to an extent of $\frac{2}{3}$ or more of its appraised valuation, such non-conforming use shall thereafter be discontinued. (*The fact that a building is temporarily unoccupied or not rented or in the process of reconstruction, restoration or repair,*

*as hereinafter provided for, shall not be considered a discontinuance of its use.")* (Italics ours.)

Since it was expressly agreed that the non-conforming use was discontinued for a period of one year, the trial court was justified in declaring such use at an end and in requiring all further use of the premises to be in conformity with the zoning resolution and district regulations.

It next is contended by the plaintiffs in error that the resolution is arbitrary, unreasonable and unconstitutional, and their counsel cite in support of such contention the following authorities: *Willison v. Cooke,* 54 Colo. 320, 326, 130 Pac. 828; *Hedgcock v. People,* 91 Colo. 155, 157, 13 P. (2d) 264; *Hedgcock v. People,* 98 Colo. 522, 527, 51 P. (2d) 891.

In each of the above cases we were careful to point out that the decision therein holding certain provisions of the zoning ordinance unconstitutional, as applied to specific property, was based entirely upon the facts and circumstances of the particular case. This point was emphasized in *Hedgcock v. People,* 91 Colo. 155, 157, 13 P. (2d) 264, where, speaking through Mr. Justice Hilliard, we said: "The validity of an ordinance, by the terms of which the owner of property is to be circumscribed in its use, 'is to be determined' said the court in *Village of Euclid v. Ambler Realty Co., supra,* 'not by an abstract consideration of the building or of the thing considered apart, but by considering it in connection with the circumstances and the locality'."

The facts here presented are wholly insufficient to justify a holding that the zoning resolution in question is arbitrary, unreasonable, or unconstitutional.

The judgment is affirmed.