(261 P. [2d] 499)

Decided September 14, 1953.

Mr. MARSHALL QUIAT, for plaintiff in error.

Mr. JOSEPH W. ESCH, for defendants in error.

*En Banc.*

MR. JUSTICE BRADFIELD delivered the opinion of the court.

THE parties to this action appear here in reverse order, defendants in error being plaintiffs and plaintiff in error being defendant in the trial court. The parties will be here designated as in the trial court. The county commissioners of Arapahoe county, Colorado, on October 20, 1941, acting under Session Laws of 1939, chapter 92, by resolution, zoned the W. ½, Block 31, Cherry Creek Gardens, unincorporated, known as 4605 East Florida street, in Arapahoe county, as an A1 Farm Residence District; section 4 thereof restricted building construction thereon to five family units, or one family unit to a one-half acre of area and 75 feet of frontage.

In December, 1944 defendant became the owner of said lands, and in 1945 commenced the construction of nine family units thereon, without building permits therefor and without the knowledge of the county zoning authorities. When the buildings were about two-thirds completed, the county zoning authorities halted the construction. On November 29, 1945 defendant procured eight building permits for cinder block cottages, estimated cost $200.00 each. On February 6, 1946 he requested of the county planning commission "permission to build more courts" than five family units on the

property, which request was denied. He promised, when the war emergency housing situation was over, to reduce the units to five families only. At that time there existed a war emergency housing situation. The nine family units having been completed, the war housing emergency being over, and defendant continuing to use the nine family units on said land, the county planning board on August 6, 1949 "put a stop order on the buildings." Defendant refusing to change and use his structures as five family units, plaintiffs on August 6, 1952 brought this action against defendant for injunctive relief.

Defendant by answer admits the substantive allegations of the complaint, and for an affirmative defense alleges: (1) The court is without jurisdiction to enjoin the violation of a zoning regulation; (2) plaintiffs are estopped by laches; (3) the action is barred by the one year statute of limitations, '35 C.S.A., chapter 40, section 154; (4) the complaint fails to state a claim upon which relief can be granted. Trial was to the court, and August 25, 1952 the permanent injunction herein was granted against defendant, and he brings the case here for review.

On this review defendant summarizes two issues: (1) The restrictions in the zoning resolution limiting density of population are void, therefore, the action of the trial court upholding same was without authority, was unreasonable and arbitrary; (2) plaintiff zoning authorities are estopped herein; that laches and the one year limitation period apply.

■■ Section 10, chapter 92, Session Laws of 1939, provides: "The county planning commission of any county * * * shall make a zoning plan or plans for zoning all of any part of the unincorporated territory within such county, * * * representing the recommendations of the commission for the regulation by districts or zones of the location, height, bulk, and size of buildings and other structures, percentage of lot which may be occupied, the size of lots, courts, and other open spaces, *the*

*density and distribution of population,* the location and *use of buildings* and structures for trade, industry, residence, recreation, public activities or other purposes * * *." (Emphasis supplied)

This section gives authority for a zoning plan specifically to regulate "the density and distribution of population." Under section 12, the county commissioners were specifically authorized to regulate "* * * the location, height, bulk and size of buildings and other structures, the percentage of lot which may be occupied, the size of yards, courts and other open spaces, * * *." These limitations necessarily regulate the density and distribution of population.

On October 20, 1941 the county commissioners of Arapahoe county adopted the zoning resolution prepared by its county planning commission; sections 2 and 4 thereof being in part as follows:

"Section 2

"District Regulations

* * *

"Except as hereinafter provided:

"1. No building shall be erected, reconstructed, or structurally altered, nor shall any building or land be used for any purpose other than is permitted in the district in which such building or land is located.

"2. No lot area shall be so reduced or diminished that the yards or other open spaces shall be smaller than prescribed by this resolution, nor shall the lot area per family be reduced in any manner except in conformity with the area regulations hereby established for the district in which such building is located."

"Section 4

"A1 Farm Residence Regulation

* * *

"Lot Area Per Family: Every dwelling or other unit hereafter erected or structurally altered shall provide a lot area of not less than one-half (½) acre and a front

width of not less than seventy-five (75) feet per family or per farm unit."

■ In Colorado, zoning ordinances by cities and towns, and zoning resolutions by counties, are authorized by statutes, which have been held constitutional. *Colby v. Board of Adjustment of Denver*, 81 Colo. 344, 255 Pac. 443; *Colorado Springs v. Miller*, 95 Colo. 337, 36 P. (2d) 161; *Beszedes v. Board of County Commissioners*, · 116 Colo. 123, 128, 178 P. (2d) 950, which concerned the same county zoning resolution here involved.

Defendant urges that section 12 of Session Laws 1939, chapter 92, does not authorize county commissioners to zone for density of population and that the zoning resolution here attempting so to do is void. The 1939 Act provides for a county zoning authority consisting of a county planning commission, the board of county commissioners and a county building inspector; together they may create and enforce a county zoning plan.

■ The plain purpose of the zoning plan here adopted, among other things, was not only to regulate the construction of houses on specific lot areas, but also thereby, and by limiting lot frontage and yard space, sought to regulate the distribution of population and the use of land. Whether specifically so named or by clear intent impliedly shown by the statute, such limitations for such purposes when reasonably applied are recognized as a proper exercise of the police power. *Colby v. Board of Adjustment of Denver, supra*. Otherwise the principal purpose of the zoning regulations would be seriously limited and often nullified. The language of the zoning resolution here involved is plain, "nor shall the lot area per family be reduced in any manner except in conformity with the area regulations * * *." This language designates the purposes of regulating the density of population and use of lands. Where not so designated, the Act clearly implies such intended purposes.

■ The principal constitutional limitation thereon is that the zoning provisions must be reasonable and for

the promotion of the public welfare. This must be determined by the court from the facts, circumstances and locality in the particular case. In the instant case, the regulation of the number of families to a given lot area is of vital importance to the orderly development of a rapidly growing territory adjoining a city, particularly for reasons of sanitation therein.

Defendant further urges that the A1 Farm Residence Zone herein permits, "1. Any use permitted in 'R Districts';" that this would be interpreted to include also "R1," "R2" and "R3" Districts, and that under such interpretation an A1 Farm Residence Zone permits a considerably greater density of population than is permitted in the "R District." Such an enlarged interpretation of "R Districts" is not permissible, and may not include other kinds and types of R Districts. Any other interpretation would render the zoning area limitation useless.

By his testimony, defendant admitted ownership of the lands; that they were in an A1 district; that his attempted use of the land for nine family units had been stopped; that he had agreed after the war housing emergency had ceased to reduce his housing units to five; that after said emergency had ceased, he had refused to do so; and that nine families are living on his lands. The trial court in effect found the zoning regulations and limitations were properly exercised in the present case, and reasonable, and that the regulations had been violated by defendant. Laches, estoppel and the one year statute of limitations do not here apply against plaintiffs; this would be particularly so where, as here, defendant had knowledge of the zoning provisions, entered into an agreement concerning same, and acted thereon to his benefit; he may not now by repudiating his agreement, thereby avail himself of said defenses.

Under the facts and circumstances of this case,

the record herein sustains the findings of the trial court. The judgment is affirmed.