36 N.J. Super. 420 (1955)
116 A.2d 203
STATE OF NEW JERSEY, BY ITS POLITICAL SUBDIVISION, BOROUGH OF EATONTOWN, PLAINTIFF-APPELLANT,
v.
FERDINAND ACCERA AND EMMA ACCERA, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued July 11, 1955.
Decided July 29, 1955.
*421 Before Judges CLAPP, PROCTOR and HANEMAN.
Mr. Lawrence A. Carton, Jr., argued the cause for plaintiff-appellant (Messrs. Roberts, Pillsbury & Carton, attorneys).
*422 Mr. William R. Blair, Jr., argued the cause for defendants-respondents (Messrs. Parsons, Labrecque, Canzona & Combs, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The question brought up by this appeal is whether the following section of Eatontown's zoning ordinance violates R.S. 40:55-48:
"No building or premises which cease to be actively engaged in non-conforming use for a period of one (1) year shall be allowed to resume such non-conforming use, but must be altered to conform with the restrictions of the zone in which it is."
As will appear herein, R.S. 40:55-48 allows a nonconforming use to be continued indefinitely.
Defendants were convicted in the Municipal Court of the Borough of Eatontown of a violation of the above-quoted section of the ordinance. They appealed to the County Court and, before the case came to trial on the appeal, moved to dismiss the complaint, raising the question stated. The County Court granted the motion, reversing the conviction.
The complaint alleges that prior to 1952 a retail business, constituting a legal nonconforming use, was carried on at a store on certain premises in the borough belonging to defendants; but that for more than a year, and particularly between December 31, 1952 and January 2, 1954, the "building and premises ceased to be actively engaged in such nonconforming use." There is nothing to indicate what the circumstances were during that year or whether there was any intention then on defendants' part to discontinue or abandon the use. But it does appear from the complaint that from February 1954 on, and with defendants' assent and assistance, someone has again been carrying on a retail business on the premises.
R.S. 40:55-48 provides:
"Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the building so occupied and any such structure may be restored or repaired in the event of partial destruction thereof."
*423 This statute was enacted obviously with a view to certain conflicting interests. On the one hand, there are the municipality's strong interests in a planned community so far as it may be secured through the medium of zoning. Nonconforming uses weaken the plan, and besides, in some cases, confer upon their users vested monopolies in their respective zones.
On the other hand, there are the interests of the owner in his nonconforming use and of society in preventing an economic waste; and beyond that, there is society's concern for those who contemplate entering business or making improvements and who seek security against future changes in the zoning plan. See note 102 U. of Pa. L. Rev. 91, 102-104 (1953).
Confronted with these diverse interests, the Legislature authorized the continuance, indefinitely, of any nonconforming use existing at the passage of an ordinance. A municipal ordinance of course cannot interfere with the statutory purposes. As said in United Advertising Corp. v. Borough of Raritan, 11 N.J. 144, 152, 153 (1952):
"It is beyond the power of a municipality to limit by zoning ordinance the right expressly given the owners [of a nonconforming use] by this statute indefinitely to continue a nonconforming use."
See also Frank J. Durkin Lumber Co. v. Fitzsimmons, 106 N.J.L. 183, 190 (E. & A. 1929).
Our inquiry comes down to this: does the statute protect a nonconforming use under some circumstances even though there has been a cessation in the user for a year? If it does, we cannot uphold the above-quoted section of the ordinance; for, so it appears, the very design of this section is to raise up an objective standard which would, after such a cessation, automatically put an end to the use in all situations without exception. (In fact the ordinance goes further and attempts to abrogate the use after a year's cessation in the active user, making some distinction between an active engagement in a use and an inactive engagement in a use. However we need not involve ourselves in this distinction. If the statute *424 authorizes a continuance of the use despite a cessation in the user, it a fortiori authorizes such a continuance despite a cessation in the active user.)
Turning then to the inquiry stated, we find it to be settled that a nonconforming use may be continued under certain circumstances even though the use has not been exercised for a substantial period of time. The cases draw their authority from the statute. Indeed in the first three cases cited below, the period of non-user extended for more than a year. Haulenbeek v. Borough of Allenhurst, 136 N.J.L. 557 (E. & A. 1948); National Lumber Products Co. v. Ponzio, 133 N.J.L. 95 (Sup. Ct. 1945); Campbell v. Board of Adjustment of Borough of South Plainfield, 118 N.J.L. 116 (Sup. Ct. 1937); Walton v. Stephens, 124 N.J.L. 216 (Sup. Ct. 1940); Provident Institution for Savings v. Castles, 11 N.J. Misc. 773 (Sup. Ct. 1933); but see State v. Casper, 5 N.J. Super. 150, 153 (App. Div. 1949); cf. Frank J. Durkin Lumber Co. v. Fitzsimmons, 106 N.J.L. 183, 190 (E. & A. 1929); Cannady v. Town of Montclair, 7 N.J. Misc. 1045, 1046 (Sup. Ct. 1929); Weisman v. Spoerer, 11 N.J. Misc. 731, 732 (Sup. Ct. 1933). See note 9 Rutgers L. Rev. 697, 708 (1955).
This too is the law in other jurisdictions. Lehmaier v. Wadsworth, 122 Conn. 571, 191 A. 539, 541 (1937); Douglas v. Village of Melrose Park, 389 Ill. 98, 58 N.E.2d 864, 865 (1945); Landay v. MacWilliams, 173 Md. 460, 196 A. 293, 114 A.L.R. 984 (1938); Paul v. Selectmen of Scituate, 301 Mass. 365, 17 N.E.2d 193, 196 (1938); King County v. High, 36 Wash.2d 580, 219 P.2d 118, 119, 18 A.L.R.2d 722 (1950); State ex rel. Schaetz v. Manders, 206 Wis. 121, 238 N.W. 835 (1931).
In the only cases we have found, dealing with a municipal zoning provision such as the one before us, there appears to have been no controlling state statute, such as R.S. 40:55-48, which may be said to govern the matter. Berkman v. Board of Appeals on Zoning, 135 Conn. 393, 64 A.2d 875 (1949); Franmor Realty Corp. v. Le Boeuf, 201 Misc. 220, 104 N.Y.S.2d 247 (1951), affirmed 279 App. Div. *425 795, 109 N.Y.S.2d 525; Id., 279 App. Div. 874, 110 N.Y.S.2d 910 (1952); cf. Beszedes v. Board of Com'rs of Arapahoe County, 116 Colo. 123, 178 P.2d 950, 952 (1947); Toulouse v. Board of Zoning Adjustment, 147 Me. 387, 87 A.2d 670, 674 (1952).
So  to sum the matter up  R.S. 40:55-48, as above stated, serves to protect nonconforming uses under some circumstances even though there has been a break in the user, lasting more than a year. That being so, we conclude that any attempt by a municipality to foreclose all nonconforming uses under all circumstances because of such a break violates the statute. A municipality cannot assume to itself a power to interfere, through its ordinance, with these uses which receive legislative protection under R.S. 40:55-48.
We need not pursue the discussion and inquire whether in the construction of R.S. 40:55-48, a discontinuance of a nonconforming use is to be equated to an abandonment of it; or whether a use once established may continue until there has been not only an act or failure to act, evidencing a discontinuance, but also an intent to abandon the use. Wood v. District of Columbia, 39 A.2d 67 (Mun. Ct. App. D.C. 1944); Dorman v. Mayor and City Council of Baltimore, 187 Md. 678, 51 A.2d 658 (1947); Pioneer Insulation & Modernizing Corp. v. City of Lynn, 331 Mass. 560, 120 N.E.2d 913, 916 (1954); Appeal of Haller Baking Co., 295 Pa. 257, 145 A. 77, 79 (1928); note 18 A.L.R.2d 725, 729, 730.
There was some suggestion by the borough on the oral argument that the ordinance raises a sort of presumption, putting upon the defendants merely a burden of establishing that the nonconforming use has in fact not been abandoned. We need not pass upon the validity of such an ordinance. The ordinance here does not so provide.
Affirmed.