MR. JUSTICE ERICKSON
dissenting.
I respectfully dissent.
This dissent is directed to the determination that the trial court erred in concluding the R-2 zoning ordinance was unconstitutional as applied to the landowners’ property. The constitutional questions, to which this dissent is directed, were not in.issue in the hearing before the County Commissioners. The complaint in the district court contained two claims. In my opinion, the majority opinion has caused an *352 analysis of the certiorari claim to dominate and determine the declaratory judgment claim.
For a landowner to prove that a zoning ordinance is unconstitutional as applied to his property, he must show either that the zoning ordinance is not substantially related to the public health, safety, or welfare, or that the zoning ordinance precludes the use of his property for any purpose to which it can be reasonably adapted. Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303 (1926); Huneke v. Glaspy, 155 Colo. 593, 396 P.2d 453 (1964); Baum v. City and County of Denver, 147 Colo. 104, 363 P.2d 688 (1961); City of Englewood v. Apostolic Christian Church, 146 Colo. 374, 362 P.2d 172 (1961).
Although these two tests of constitutionality are well established, neither test was looked to in the majority opinion. Instead, the Court relied upon two new tests of its own. First, the Court suggested that if the decision of a zoning authority is not arbitrary and capricious, then the zoning ordinance must be upheld as constitutional. As a second basis for upholding the constitutionality of the ordinance, the Court stated that there was no proof that the property was not suitable for any use under intermediate zoning categories. This approach clearly sidesteps the constitutional issue and, in effect, deprives an aggrieved party of standing to challenge an ordinance that is clearly confiscatory.
In my view, the determination of whether a zoning ordinance is constitutional is separate and distinct from the issue of whether a zoning authority acted arbitrarily and capriciously in denying a request for a zoning change. Each question involves different legal and factual considerations. For example, in this case, the Board of County Commissioners’ decision to deny the requested change in zoning was based upon the determination of two questions: (1) whether there was a change in circumstances which would justify a change in zoning; and (2) whether the requested change in zoning fosters the health, safety, and welfare of the community. The issues framed in the district court by the *353 landowners’ claim for declaratory judgment challenged the constitutionality of the zoning ordinance and raised the additional question of whether the landowners were deprived of any reasonable use of their property by the zoning ordinance.
Since the constitutionality of a zoning ordinance is a judicial question, the court properly considered the merits of the landowners’ claim of unconstitutionality. DiSalle v. Giggal, 128 Colo. 208, 261 P.2d 499 (1953); see City of Englewood v. Apostolic Christian Church, supra; Horwitz v. Town of Waterford, 151 Conn. 320, 197 A.2d 636 (1964); McQuail v. Shell Oil Co., 40 Del. Ch. 396, 183 A.2d 572 (1962); Hartung v. Village of Skokie, 22 Ill.2d 485, 177 N.E.2d 328 (1961); Miami Beach v. Ocean & Inland Co., 147 Fla. 480, 3 So.2d 364 (1941). Upon finding that the landowners were deprived of any reasonable use of their property by the zoning ordinance, the district court, in accordance with established legal principles, concluded that the ordinance as applied to the property in question was unconstitutional.
The conclusion that a zoning ordinance is unconstitutional does not require that this Court, or any other court, sit as a super zoning commission and implement the zoning requested by the landowner. In many cases, the zoning sought by the landowner may be appropriate, but the determination of that zoning which would best promote the public health, safety, and welfare, and the adoption of an ordinance implementing such zoning remains a legislative function. See 1967 Perm. Supp., C.R.S. 1963, 106-2-14; C.R.S. 1963, 106-2-15.
Accordingly, the Court should have remanded this case to the district court with directions to vacate the order granting Residential-Trailer (R-T) zoning. The district court should then have been directed to remand the case to the Board of County Commissioners, so that the Board could rezone the property in accordance with constitutional and statutory requirements.