622 P.2d 85 (1980)
B. A. WYATT, James H. Phillips, William M. Crites, Alice McIntyre, Tom McIntyre, and Lance Clem, Plaintiffs-Appellees,
v.
The BOARD OF ADJUSTMENT-ZONING OF the CITY AND COUNTY OF DENVER, consisting of Ernest Capillupo, Lawrence M. Henry, Denise Pacheco, Gunnar Mykland and Thomas Bean; and Anthony Jansen, Zoning Administrator of the City and County of Denver, Defendants-Appellees, and
Virgil A. Wallace, Defendant-Appellant.
No. 79CA0522.
Colorado Court of Appeals, Div. III.
August 28, 1980.
Rehearing Denied October 23, 1980.
L. Michael Henry, Denver, for plaintiffs-appellees.
Max P. Zall, City Atty., Robert M. Kelly, John L. Stoffel, Jr., Asst. City Attys., Denver, for defendant-appellee Anthony Jansen, Zoning Administrator for the City and County of Denver.
*86 Robert L. McDougal, Gertrude A. Score, Denver, for defendant-appellant.
No appearance for defendant-appellee Bd. of Adjustment-Zoning.
RULAND, Judge.
The Denver Zoning Administrator revoked a use permit issued to the defendant Virgil A. Wallace for operation of a "tennis club" on property purchased by Wallace in an area zoned R-1 residential. The board of adjustment reversed the Zoning Administrator's decision. On appeal to the district court, it reversed the board of adjustment and reinstated the zoning administrator's revocation. Wallace appeals, and we affirm the district court.
The subject property consists of a lot upon which a one story commercial building was erected. The commercial building was attached to a single family residence constructed on the lot. The record reflects that Wallace's predecessors in title had operated a beauty shop for a time on the subject property. This was a nonconforming use. Wallace purchased the property and thereafter determined to operate a "tennis club" which was another nonconforming use.
Wallace first contends that the trial court erred in concluding that the right to conduct a nonconforming use on the subject property was lost by reason of the vacancy provisions of the Denver zoning ordinance. The pertinent provision is Denver Revised Municipal Code § 617.1-4(3)(d) which states:
Any one of the following Specific Acts shall terminate immediately the right to operate a nonconforming use:
. . . . .
Vacancy for a period of 12 or more consecutive months of the structure or that part of the structure occupied by the nonconforming use.
The relevant evidence is not in dispute. A beauty shop had not been operated in the commercial building for at least 12 months prior to the date of Wallace's purchase. However, the fixtures and equipment necessary to operate a beauty shop had not been removed. The board of adjustment concluded that the subject property was not "vacant" because the fixtures and equipment had not been removed. We disagree.
A nonconforming use may be terminated by ordinance after the lapse of a reasonable period of time regardless of whether the property owner intends to abandon that use. See Service Oil Co. v. Rhodus, 179 Colo. 335, 500 P.2d 807 (1972); Beszedes v. Board of County Commissioners, 116 Colo. 123, 178 P.2d 950 (1947). While the term "vacancy" is not defined in the ordinance, in interpreting that term we are guided by two concepts. First, pursuant to Denver Revised Municipal Code § 611.4-1(3), the term must be given its usual and customary meaning. Second, because "nonconforming uses represent conditions which should be reduced to conformity as speedily as is compatible with justice," Wasinger v. Miller, 154 Colo. 61, 388 P.2d 250 (1964), the ordinances should not be given an interpretation which would permit an indefinite continuation of a nonconforming use. 8A E. McQuillan, Municipal Corporations, § 25.189. (3d ed. 1976 rev. vol.)
"Vacant" is generally defined as "being without content or occupant." Websters Third New International Dictionary 25271. And, to construe the term as requiring both that a structure has no content and no occupants would allow a property owner to continue a nonconforming use indefinitely by merely retaining on the property the equipment necessary to conduct the nonconforming use. Therefore, we hold that this structure was vacant under § 617.1-4(3)(d) because, for a period of 12 months, the structure was not occupied by beauticians for the purpose of its nonconforming use.
Perceiving no manifest injustice, we reject Wallace's contention that the zoning administrator is estopped to revoke the permit. University of Colorado v. Silverman, 192 Colo. 75, 555 P.2d 1155 (1976).
By reason of our resolution of the "vacancy" issue, it is unnecessary to address Wallace's *87 contentions as to the other rulings by the district court.
Judgment affirmed.
KELLY and STERNBERG, JJ., concur.