No. 23654.

WESTERN INCOME PROPERTIES, INC., HORIZON RESTAURANT AND LOUNGE, INC., AND ALDEN F. CRONIN *v*. CITY AND COUNTY OF DENVER, A MUNICIPAL CORPORATION, AND ANTHONY H. JANSEN, ZONING ADMINISTRATOR OF THE CITY AND COUNTY OF DENVER.

(485 P.2d 120)

Decided May 17, 1971.

534

HOFFMAN, GOLDSTEIN & ARMOUR, ALAN A. ARMOUR, RICHARD C. LONNQUIST, for plaintiffs in error.

MAX P. ZALL, EARL T. THRASHER, ROBERT M. KELLY, for defendants in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFFS in error, doing business as Horizon Restaurant and Lounge, were defendants below. They seek reversal of an order of the district court restraining them from providing live entertainment in excess of one musician and one instrument. The facts relevant to our disposition of this case are as follows:

The City and County of Denver brought this action to enjoin the defendants from violating certain provisions of the municipal zoning ordinances of Denver. These ordinances provide, in effect, that the operation of an eating establishment is a use by right in a B-2 zoned District, but that any live entertainment at such eating place must be limited to not more than one musician and not more than one musical instrument. The parties stipulated to the court below that defendants are in fact operating the Horizon Restaurant and Lounge at 3298 Hudson Street, which location is in a B-2 District, and that the eating place has live entertainment consisting of four musicians playing four musical instruments.

▮ A "Cease and Desist Order" was issued by the City in 1964. In 1965 an action to enforce the ordinance was commenced in County Court. In due course, the county court decision was reviewed by the superior court of Denver, and defendants prevailed, leading to the filing of this injunction proceeding by the city in 1967. We hold that the district court erred in granting the permanent injunction, inasmuch as we conclude that the ordinance in question is invalid.

▮▮ The primary argument of the defendant, and the only one with which we will deal herein, is that the ordinance is invalid and unconstitutional as an attempted regulation of the use of property which bears no reasonable relationship to the public health, morals, safety, or general welfare of the community. This general area of the law has been oft discussed, with the proper test to be applied perhaps stated best in the case of *Jones v. Board of Adjustment,* 119 Colo. 420, 204 P.2d 560 (1949):

"We consider briefly some basic fundamentals. The right to the use and enjoyment of property for lawful purposes is the very essence of the incentive to property ownership. The right to thus use property is a property right fully protected by the due process clause of the federal and state Constitutions. The use to which an

owner may put his property is subject to a proper exercise of the police power. The so-called police power is the authority under which zoning ordinances have been universally upheld. In every ordered society the state must act as umpire to the extent of preventing one man from so using his property as to prevent others from making a corresponding full and free use of their property. Thus, under the police power, zoning ordinances are upheld imposing limitations upon the use of land, provided, however, that the regulations are reasonable, *and provided further that the restrictions in fact have a substantial relation to the public health, safety, or general welfare.*

It is elementary that an owner of property has the right to put his property to any legitimate use, unless the contemplated use is prohibited by the legislative arm of government through a proper exercise of the police power. * * *" (Emphasis added.)

Thus, a zoning ordinance will be upheld by the courts only if it has some tendency reasonably to serve the public health, safety, morals, or general welfare. This proposition, or some paraphrase of it is approved by the courts everywhere. The following language of the Supreme Court of Illinois is illustrative:

"While a city may thus enact zoning ordinances imposing burdens and restrictions upon private property and its use, the governmental power so delegated to interfere with the general rights of property owners is not unlimited. An exercise of the power is valid only when it bears a reasonable relation to the public health, safety, morals or general welfare. * * *" *La Salle Nat'l Bank v. Chicago,* 5 Ill. 2d 344, 125 N.E.2d 609 (1955). *See generally, R. Anderson, 1 American Law of Zoning* § 7.01 *et seq.* (1968).

Whether such exercise of the police power is proper depends upon the application of the law (ordinance herein) to the facts of a particular case:

"We will determine the reasonableness of the regulations as applied to the factual situation meanwhile keeping before us the accepted rules that the court will not substitute its judgment for that of the city council; that the ordinance is presumed valid * * * and that the legislative intent will be sustained if 'fairly debatable.' " *Miami Beach v. Ocean & Inland Co.,* 147 Fla. 480, 3 So.2d 364 (1941); *See DiSalle v. Giggal,* 128 Colo. 208, 261 P.2d 499 (1953).

In the case at bar, the ordinance restricting the entertainment reads as follows: "Eating place, live entertainment limited to not more than one musician and not more than one musical instrument." Denver Revised Municipal Code § 612.7-3(1)(q). In passing upon the validity of this ordinance provision we are aware of the well established rule that any legislative act is presumed valid and therefore if it is even "fairly debatable" that the provision is valid, it should be upheld. See *Huneke v. Glaspy,* 155 Colo. 593, 396 P.2d 453 (1964); *Baum v. Denver,* 147 Colo. 104, 363 P.2d 688 (1961). "If a reasonable interpretation that will avoid constitutional conflict is at hand, we should adopt it." *People v. Kilpatrick,* 79 Colo. 303, 245 P. 719 (1926).

We are unable to conclude, however, that there is a substantial relationship between the welfare of the community and the ordinance restriction in question, and are pointed to no such relationship by the city. Further, we have looked in vain for cases either upholding or striking down similar ordinances, both in our own and other jurisdictions. As noted above, however, the general rule has been oft stated, that if the court were able to conclude that the ordinance in question bore a reasonable relationship to the legitimate objectives of the police power, or that it was even fairly debatable that such restriction tended to promote or protect these objectives, then the restriction would be upheld. *See Miami Beach v. Ocean & Inland Co., supra; Englewood*

*v. Apostolic Christian Church,* 146 Colo. 374, 362 P.2d 172 (1961).

In examining into the possible areas of concern for the public welfare we find that if the purpose of the ordinance is to somehow regulate noise level, the wording is totally ineffectual, for there is no restriction on the type of instrument, or the level at which it may be played. Furthermore, if the regulation of noise be the basis for the justification, then the following ordinance would seem applicable:

"Every use, unless especially exempted by this ordinance, shall be so operated that the volume of sound inherently and recurrently generated does not exceed sixty decibels at any point of any boundary line of the zone lot [B-2 zoning] on which the use is located." Denver Revised Municipal Code § 612.7-2(1) (1950).

If the purpose of the ordinance is to somehow limit the number of patrons attracted to an eating place, we likewise are unable to determine how this purpose is achieved through the ordinance in question when the Revised Municipal Code of Denver provides, in section 923, for "Cabaret Licensing and Regulation," and provides therein for the times at which live entertainment may be offered, as well as providing that patrons or guests shall not be crowded into an area or space insufficient to seat them comfortably.

We are mindful that in zoning there are lines which may be drawn between non-permissable uses in one area as opposed to permissable uses in another. Complete prohibition in one zone and a permissable use or activity in another is not uncommon and such classifications, if reasonable, have been upheld.

In the case at bar, however, we have a permissable use with an arbitrary restriction which we are compelled to note not only has no apparent relationship to the health, safety or welfare of the general public, but makes almost identical conduct both legal and illegal. For example, the single entertainer who plays a piano

and vocalizes would be in compliance with the ordinance, but a vocalist with an accompanying pianist would be in violation of the ordinance. A musician who plays only the piano or only the organ complies with the ordinance, but if he also has both a piano and organ on the same platform and plays both of them, whether alternately or at the same time, he would be in violation of the ordinance.

An analagous situation wherein ordinances making identical use both valid and invalid and held to be therefore unconstitutional are the zoning cases where private schools were excluded in areas where public schools were allowed. *See, for example, Miami Beach v. State ex rel. Lear,* 128 Fla. 750, 175 So. 537 (1937), wherein it was stated:

"What objectionable characteristic touching the comfort or other general welfare of the surrounding community may obtain as to a private school which would not probably obtain in greater degree as to a public school has not been suggested, and, we think, for the very good reason that none exists. For this reason alone the ordinance as amended must be held to be arbitrary." *Id. See also Diocese of Rochester v. Brighton,* 1 N.Y.2d 508, 154 N.Y.S.2d 849, 136 N.E.2d 827 (1956).

In the absence of any reasonable relationship between the ordinance restriction and the exercise of the police power, we conclude it to be an invalid exercise of such power.

"It is a fundamental principle recognized by all of the authorities that any regulation or restriction upon the use of property which bears no relation to public safety, health, morals or general welfare, cannot be sustained as a proper exercise of the police power of a municipality." *Bohn v. Board of Adjustment,* 129 Colo. 539, 271 P.2d 1051 (1954).

The decision of the district court is reversed, and the cause remanded with instructions to vacate the injunction against defendants below.