**No. 26879**

**The People of the State of Colorado v. Joyce Nisser a/k/a Joyce Andermann**

(542 P.2d 84)

Decided November 10, 1975.

Stuart A. VanMeveren, District Attorney, Loren B. Schall, Assistant, for plaintiff-appellant.

Frey & Huisjen, John P. Frey, Stephen J. Roy, for defendant-appellee.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

The People brought this interlocutory appeal from a ruling of the district court granting defendant's motion to suppress evidence in connection with a marijuana possession case. We reverse.

Prior to the criminal case involved herein, defendant was charged with an offense in a criminal action which is separate and distinct from the within action.

Nine days later, a warrant was issued for defendant's arrest on the prior transaction. Six days after that an undercover agent (attired in street clothes) went to defendant's residence with the dual purpose of attempting to purchase additional contraband and to execute the arrest warrant.

According to testimony at the suppression hearing, the agent was personally acquainted with defendant and had talked with her on prior occasions concerning the possible purchase of drugs. Defendant did not know that her "acquaintance" was a police officer. The agent knocked on the door and was invited inside by defendant, at which time he sat down and stated: "[G]ee, I meant to bring something to smoke." The defendant then went upstairs and brought down some marijuana, which she handed to the agent. At this point the arrest warrant for the prior offense was executed and, simultaneously, defendant was placed under arrest for investigation of the alleged present offense. Thereafter a search warrant was issued and additional quantities of suspected marijuana were seized. Defendant was then charged with possession of a narcotic[1] drug, in an amount in excess of one-half ounce.

The motion to suppress was granted on the basis of the trial judge's belief that executing the arrest warrant after a six-day delay and with the concomitant purpose of gaining additional evidence of illegal activity constituted an abuse of process and an invasion of defendant's Fourth Amendment rights. We disagree.

The defendant invited the agent into her home. The agent in no way relied on the arrest warrant or the color of his office in order to gain entry. It is well established that there is no unreasonable search when an undercover agent, posing as a willing participant in an unlawful transaction, gains entry by invitation and observes or is handed contraband. As we stated in *Patterson v. People*, 168 Colo. 417, 451 P.2d 445 (1969):

" . . . The decoy or undercover agent is one weapon in the police 'arsenal,' for example, which has received judicial sanction. So long as the agent's conduct falls short of actual instigation of a crime, which raises the defense of entrapment, the Court has refused to set aside convictions because evidence was obtained by means of undercover work. . . ."

The fact that the agent in this case possessed and was intent on serving an arrest warrant for a separate prior offense has no effect on what is otherwise a legitimate form of undercover activity.

We also reject the trial court's view that the six-day delay in executing the arrest warrant was unreasonable. Crim. P. 4 contains no limitations regarding the time within which an arrest warrant must be executed. (Crim. P. 41(d)(5)(V), by comparison, requires that a search warrant be executed no later than ten days after it is issued.) Furthermore, there are no constitutional requirements dictating that an arrest warrant be executed at the earliest opportunity. *People ex rel. Coca v. District Court*, 187 Colo. 280, 530 P.2d 958 (1975).

The record in this case contains no evidence that the delay was intended to prejudice the defendant — or that defendant was, in fact, prej-

---

[1]House Bill No. 1027, which became effective in July 1975, reclassified marijuana as a dangerous drug.

udiced by the six-day postponement of her arrest. On the other hand, uncontroverted evidence indicates that the delay was caused by the perceived need to protect the identity of an undercover agent in a collateral investigation.

Since this case involves a six *day* rather than a six *month* delay (as in *Coca, supra*) there is no need for an additional evidentiary hearing to explore the issue of prejudice as we had determined necessary in *Coca.*

Accordingly, the ruling is reversed.