**Gus A. JONES, Plaintiff,**

v.

**Michael P. LANE, Director Illinois Department of Corrections, Defendant.**

No. 83 C 38.

United States District Court,
N.D. Illinois, E.D.

Aug. 5, 1983.

Patricia J. Foltz, William C. Anderson III, Lord, Bissell & Brook, Chicago, Ill., for plaintiff.

Neil F. Hartigan, Atty. Gen., of Illinois, C. Thomas Hendrix and Connie L. Puchalski, Asst. Attys. Gen., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER[1]

SHADUR, District Judge.

Gus Jones ("Jones") sues Director Michael Lane ("Lane") of the Illinois Department of Corrections (the "Department"), alleging Lane violated the Fourteenth Amendment and 42 U.S.C. § 1983 ("Section 1983") when he denied Jones placement in a work release program while Jones was incarcerated at the East Moline Correctional Center ("East Moline").[2] Jones's Amended Complaint (the "Complaint") now advances three claims:[3]

1. Count I says Lane was arbitrary and capricious in basing his decision on the length of Jones's sentence and therefore violated Jones's Fourteenth Amendment due process rights.

2. Count II charges Lane's decision deprived Jones of equal protection of the laws because prisoners with equal or greater sentences were granted work release requests.

3. Count IV asserts Lane did not follow established criteria for work release placement in Jones's case, thereby violating Jones's due process rights.

Lane has now moved under Fed.R.Civ.P. ("Rule") 12(b)(6) to dismiss Jones's Complaint for failure to state a claim. For the reasons stated in this memorandum opinion and order Lane's motion is granted as to Counts I and IV but denied as to Count II.

### Facts[4]

Jones was confined to East Moline July 26, 1971 to serve long sentences[5] for armed robbery and aggravated battery. Some time before July 1, 1981[6] Jones requested placement in a work release program, and on July 1 he was accepted into such a program operated by the Salvation Army (Ex. A).

On August 11 Jones's request was denied by a Department Clinical Coordinator based on a Transfer Coordinator's citation of the length of Jones's sentences (Ex. B). But on December 1 Department's Administrative Review Board (the "Administrative

---

1. This Court extends special thanks to William C. Anderson III and Patricia Foltz for their pro bono efforts on Jones's behalf, carried out pursuant to our District Court's Federal Trial Bar rules.

2. Jones was released some time in early 1983.

3. On June 24, 1983 Jones voluntarily dismissed Counts III and V, which had asserted purported constitutional claims under the Eighth Amendment (actually the Fourteenth Amendment's embodiment of the same right) and Article I, § 9 (sic).

4. There is really no dispute on the evidentiary facts. In any event, on Lane's Rule 12(b)(6) motion the Complaint is entitled to be construed most favorably to Jones, with its well-pleaded allegations taken as true for present purposes. See Mathers Fund, Inc. v. Colwell Co., 564 F.2d 780, 783 (7th Cir.1977). All "Ex. —" references in this section are to Complaint Exhibits.

5. 25 to 50 years for armed robbery and (concurrently) 1 to 5 years for aggravated battery.

6. Subsequent dates without year designations in this and the next paragraph were also in 1981.

Board"), after reviewing the Clinical Coordinator's denial, recommended Jones be placed in a work release program (Ex. C). Lane, however, declined to concur in that recommendation, approving the rationale originally advanced by Department's Transfer Coordinator (Exs. C and D).

Thereafter Jones renewed his request. In July 1982[7] that request was approved by East Moline's Warden, and in November the Administrative Board again recommended Jones for work release (Ex. E). But Lane again declined to concur, citing the length of Jones's sentence (Exs. E and F).

There was other institutional input relevant to the work release decision. In March Department's Prisoner Review Board (the "Parole Board") had denied Jones parole over one member's dissent (Ex. G). In November the Parole Board "highly recommended" Jones's consideration for work release (Ex. H). That recommendation preceded the November Administrative Board work release recommendation that was then rejected by Lane (Ex. E).

### Counts I and IV

Assertion of Jones's substantive or procedural due process claims requires him to identify a liberty interest denied by state action (no property interest is even arguably implicated). Such a liberty interest might arise from the Due Process Clause itself or from state law and administrative regulations. *Hewitt v. Helms,* —— U.S. ——, 103 S.Ct. 864, 869–70, 74 L.Ed.2d 675 (1983).

But Jones admits (Ans.Mem. 4) the Constitution itself does not confer any liberty interest applicable to his work release claim. *See Burbank v. Franzen,* No. 80 C 3325, slip op. at 5 (N.D.Ill. March 16, 1981) (Marshall, J.). Jones also admits (Ans.Mem. 4–5) neither relevant state statutes nor reg-

ulations create any entitlement to work release because those statutes and regulations grant state officials unfettered discretion in awarding prisoners participation in work release programs. *Compare Olim v. Wakinekona,* —— U.S. ——, 103 S.Ct. 1741, 1747–48, 75 L.Ed.2d 813 *and Hewitt, id.,* 103 S.Ct. at 871. *Compare also Shango v. Jurich,* 681 F.2d 1091, 1099–1102 (7th Cir.1982) *and Johnson v. Brelje,* 701 F.2d 1201, 1205 (7th Cir.1983). Nonetheless Jones seeks (Ans.Mem. 5–10) to find a state law entitlement in either (1) the establishment of the state's procedures themselves or (2) the ordinary course of events following Administrative or Parole Board recommendations to Lane.

■ But the law is clear procedures themselves cannot create substantive entitlements. *Olim,* 103 S.Ct. at 1748; *Hewitt, id.* 103 S.Ct. at 871; *Shango,* 681 F.2d at 1100–01; *Jackson v. Illinois Department of Corrections,* 567 F.Supp. 1021 at 1024 & n. 12 (N.D.Ill. July 1, 1983). And although Jones's latter contention is clever, it amounts to a metaphysical tour de force: Jones says because Lane usually exercised or exercises his unfettered discretion in one way, somehow he has fettered or fetters his discretion for the future. With apologies to Gertrude Stein, however, discretion is discretion is discretion.[8]

■ Accordingly Jones cannot establish a set of facts entitling him to relief on his due process claims. Counts I and IV are therefore dismissed.

### Count II

■ Lane says (Mem. 9–10) Jones's equal protection claim must be dismissed because Jones does not allege unequal treatment based on Jones's membership in a "suspect class" or group. Lane relies on some loose language in *Shango,* 681 F.2d at 1104, to support his notion the Equal Protection

---

**7.** Subsequent dates without year designations in this and the next paragraph were also in 1982.

**8.** *Burbank,* slip op. at 7–10, holds open the possibility a *substantive* due process claim might be stated where no liberty interest exists but where "impermissible reasons" led to the complained-of state action. Even assuming

that proposition arguendo, it is of no avail to Jones because the "reason" he attacks—Lane's reliance on the length of his sentence—is not impermissible. *Id.* at 8–10. As noted below, however, a *discriminatory* treatment claim under the Equal Protection Clause is another matter.

Clause prohibits only discriminatory treatment based on state group-classifications.[9]

This Court has recently noted the Equal Protection Clause is not literally, nor has it been historically, limited to the protection of groups. *Ossler v. Village of Norridge,* 557 F.Supp. 219, 223–24 & n. 6 (N.D.Ill. 1983). In terms it protects "any *person*," and to the extent *Shango* suggests otherwise, that case is not in accord with seminal interpretations of the Clause. *See Snowden v. Hughes,* 321 U.S. 1, 7, 8, 10, 64 S.Ct. 397, 400, 401, 402, 88 L.Ed. 497 (1944); *Burt v. City of New York,* 156 F.2d 791, 791–92 (2d Cir.1946) (L. Hand, J.). Indeed, when our Court of Appeals has focused directly on the issue, it has squarely held an equal protection claim does not require an allegation as to a suspect classification (*Durso v. Rowe,* 579 F.2d 1365, 1372 (7th Cir.1978), *cert. denied,* 439 U.S. 1121, 99 S.Ct. 1033, 59 L.Ed.2d 82 (1979)):

> A state prisoner need not allege the presence of a suspect classification or the infringement of a fundamental right in order to state a claim under the Equal Protection Clause. The lack of a fundamental constitutional right or the absence of a suspect class merely affects the court's standard of review; it does not destroy the cause of action.

Lane himself (Mem. 10) quotes *Snowden,* 321 U.S. at 8, 64 S.Ct. at 401 as confirming that equal protection extends to unequal application of a facially fair regulation if "there is shown to be present in it an element of intentional or purposeful discrimination." This is not the occasion to dwell on Jones's proof problems under that standard. Given the favorable inferences to which his Complaint is entitled, his allegations (Count II ¶¶ 19–20) of the "arbitrary and capricious" difference in his treatment from that of similarly situated inmates state an Equal Protection Clause claim. Count II thus survives Lane's Rule 12(b)(6) motion.

## Conclusion

Counts I and IV are dismissed, but Lane's motion to dismiss Count II is denied. Lane is ordered to Answer Count II on or before August 15, 1983.

---

9. Jones really does not essay a substantive response to Lane's equal protection argument.