673 P.2d 142

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Frederick Lynn ROGERS,
Defendant-Appellant.**

**No. 6067.**

Court of Appeals of New Mexico.

Sept. 13, 1983.

Certiorari Denied Nov. 10, 1983.

Paul Bardacke, Atty. Gen., Marcia E. White, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Robert R. Harris, El Paso, Tex., for defendant-appellant.

## OPINION

BIVINS, Judge.

Convicted of possession with intent to distribute ninety pounds of marijuana, defendant appeals from the trial court's refusal to grant a suppression motion.  We affirm.

At approximately 6:30 a.m. on September 25, 1981, two police officers flew in a helicopter over defendant's property in Chaparral, New Mexico.  One of the officers observed marijuana plants protruding from holes in the roof of defendant's greenhouse located near his house within the fenced portion of his property.  He testified that

he saw the plants initially without any assistance and then more clearly with the aid of field glasses. On the basis of these observations the officer obtained a warrant and returned to defendant's property with other officers at approximately 3:30 that afternoon to seize the marijuana plants.

Defendant contends that the helicopter surveillance of his property violated the Fourth Amendment of the United States Constitution and Article II, Section 10 of the New Mexico Constitution. As we have noted in the companion case of *State v. Bigler*, 100 N.M. 515, 673 P.2d 140 (Ct.App.), to determine whether an individual whose property is subjected to aerial surveillance may invoke Fourth Amendment protection, we consider 1) whether he has a justifiable expectation of privacy and 2) whether police utilized appropriate surveillance techniques. *See Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); 1 W. LaFave, *Search and Seizure*, § 2.4 (1978).

### A. Expectation of Privacy

Defendant testified that his greenhouse was constructed of wood posts, two-by-four runners and corrugated plastic on the sides and that it had a roof consisting of roll plastic which he had replaced four weeks before the incident. Defendant also testified that the greenhouse roof had no tears in it the evening before the helicopter surveillance. Two of his neighbors, one his mother-in-law, testified that they saw a portion of the plastic roof "flipping" as the helicopter passed over the property. His mother-in-law said she saw the roof tearing. The police officer who surveilled the property from the helicopter, however, testified that the propeller did not cause any damage or any movement on the roof of the greenhouse.

Although defendant and his neighbors testified that the noise of the helicopter awakened them and that dust hung in the air when it departed, the trial court in its findings of fact determined that the police officer's observation "was accom-

plished without disturbing defendant's premises." The officer's testimony provides substantial evidence to support this finding, and we will not disturb it on appeal. *See Rodriquez v. State*, 91 N.M. 700, 580 P.2d 126 (1978).

The record reflects that Chaparral lies 10–20 miles from Fort Bliss and White Sands Missile Range and approximately seven miles from Alamogordo. Thus, air traffic is not uncommon in the area, although the town apparently does not lie below any prescribed air corridor. Defendant and one of his neighbors on occasion had seen aircraft, including helicopters, in the area.

Thus, we hold that defendant did not have a justifiable expectation of privacy with respect to marijuana plants protruding through holes in his greenhouse roof to the extent of their visibility from the air.

### B. Form and Degree of Police Surveillance

We consider a number of factors in determining whether police surveillance in this case met the Fourth Amendment requirements set forth in *Katz v. United States*, while recognizing that no set formula will resolve the issue.

There are countless thousands of permutations of factual situations, each presenting its own problems. Any effort to generalize is fraught with danger. However, it is readily apparent a number of factors must be considered, among which are . . . the type and character of invasion by the governmental authority, and other unforeseeable factors which will undoubtedly arise on a case by case basis.

*People v. Sneed*, 32 Cal.App.3d 535, 108 Cal.Rptr. 146 (1973).

Other courts have considered the following factors in assessing police overflights: altitude of the aircraft, use of equipment to enhance the observation, frequency of other flights and intensity of the surveillance. *See generally United States v. DeBacker*, 493 F.Supp. 1078 (W.D.Mich.1980); *State v.*

*Stachler,* 58 Haw. 412, 570 P.2d 1323 (1977). We particularly consider the fact that unlike the situation in *State v. Bigler* which involved surveillance of an open field, police here surveilled a building within the defendant's curtilage.

The surveilling police officer testified that he flew over defendant's property, because he had received a tip from an informant that defendant was growing marijuana in his greenhouse. In *United States v. Allen,* 675 F.2d 1373 (9th Cir.1980), an aerial surveillance case, the Ninth Circuit stated, "If there is some justification for concentrating a surveillance on a particular place, as opposed to random investigation to discover criminal activity, that factor is weighed in the balance and contributes to justification for the surveillance." *Id.* at 1381. We consider the fact that the police officer had independent information about defendant's property as one factor which tends to justify the surveillance.

 The helicopter pilot testified that in passing over defendant's property the plants emerging from the greenhouse roof "appeared to me to be like marijuana." The surveilling police officer said, "With the naked eye I could see the plants and they looked like marijuana plants to me." He then used field glasses to verify his impression. The use of binoculars does not in itself render an aerial surveillance unconstitutionally intrusive. *People v. St. Amour,* 104 Cal.App.3d 886, 163 Cal.Rptr. 187 (1980); *State v. Stachler.*

The pilot said that he made approximately three passes over defendant's property lasting a total of about 15–30 seconds and that he brought the helicopter down to its lowest altitude of approximately 100–200 feet in a field next to the greenhouse at a horizontal distance of approximately 400–600 feet. Although defendant and his neighbors testified the helicopter hovered as low as thirty feet or less and came as close to the greenhouse horizontally as thirty feet, we accept the pilot's testimony as most supportive of the trial court's findings. *See State v. Bidegain,* 88 N.M. 466, 541 P.2d 971 (1975).

**CONCLUSION**

While the facts of this case teeter dangerously close to exceeding the limitations implicit in the Fourth Amendment, we do not believe that defendant may claim constitutional protection under these circumstances. We hold that defendant had no justifiable expectation of privacy with respect to marijuana plants protruding through holes in his greenhouse roof and that the surveillance methods used by the police were not unreasonable. The trial court properly denied defendant's motion to suppress.

Defendant's conviction is affirmed.

IT IS SO ORDERED.

WOOD and LOPEZ, JJ., concur.